IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No.: <u>0:19-cr-00420-JMC</u> |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 242 |
| v. | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 666(a)(1)(A) |
| | ) | 18 U.S.C. § 1001(a)(2) |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1512(c)(1) |
| GEORGE ALEXANDER UNDERWOOD | ) | 18 U.S.C. § 1519 |
| a/k/a "Big A" | ) | 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) |
| JOHNNY RICARDO NEAL, JR. | ) | |
| ROBERT ANDREW SPROUSE | ) | **SECOND SUPERSEDING** |
| | ) | **INDICTMENT** |

**COUNT 1**
**(Conspiracy)**

THE GRAND JURY CHARGES:

At all times relevant to the Second Superseding Indictment:

1.    Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," was elected to the position of Sheriff of Chester County, South Carolina, in November 2012. As Sheriff, Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," led the Sheriff's Office, which is the primary law enforcement agency serving Chester County. He continued to serve in the position of Sheriff up to May 7, 2019, and was acting in his official capacity as Sheriff at all times relevant to this Second Superseding Indictment.

2.    Defendants, JOHNNY RICARDO NEAL, JR. and ROBERT ANDREW SPROUSE, were employed by the Chester County Sheriff's Office in South Carolina. Defendant, JOHNNY RICARDO NEAL, JR., was a Lieutenant with the Sheriff's Office and was acting in his official capacity at all times relevant to this Second Superseding Indictment. Defendant, ROBERT

1

ANDREW SPROUSE, was a Chief Deputy with the Sheriff's Office and was acting in his official capacity at all times relevant to this Second Superseding Indictment.

3.    At all times relevant to this Second Superseding Indictment, including calendar year 2017, Chester County received benefits in excess of $10,000 per year under Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of Federal assistance.

4.    Chester County Sheriff's Office employees are paid for their time while on-duty and engaged in official business. The Treasurer's Office, a department of the Chester County government, issues paychecks to these employees from a bank account held at First Citizens Bank. Law enforcement personnel from the Sheriff's Office also may work off-duty details, for which they are paid in a separate manner.

5.    The Hazel Pittman Center ("Hazel Pittman") is the designated substance abuse authority for Chester County, and provides education, prevention, and outpatient treatment to individuals, families, and groups in Chester County and the surrounding area. At all times relevant to this Second Superseding Indictment, Hazel Pittman received a federal grant from the Empowering Communities for Healthy Outcomes program ("ECHO") to, among other things, contract with the Chester County Sheriff's Office to operate public safety checkpoints. After receiving an invoice from the Sheriff's Office listing the Sheriff's Office employees who worked at the public safety checkpoint for a particular date, Hazel Pittman would issue a single check to the Sheriff's Office, to the attention of Defendant, JOHNNY RICARDO NEAL, JR.

6.    For purchases relating to official Sheriff's Office business, Chester County has a procurement process that generally requires purchase orders and approval by the Treasurer's Office. Approved purchases are then paid out to the credit card, checking card, or account that

2

originally incurred the official business expense.    Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," JOHNNY RICARDO NEAL, JR., and ROBERT ANDREW SPROUSE, were required to utilize this procurement process during the time of their employment with Chester County.

7.    Beginning in or about March 2017 and continuing through June 2017, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE, registered to attend a conference in Reno, Nevada, and utilized the Chester County procurement process in arranging their travel.

8.    On November 20, 2018, law enforcement personnel from the Chester County Sheriff's Office, including Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," JOHNNY RICARDO NEAL, JR., and ROBERT ANDREW SPROUSE, responded to a car accident and fleeing suspect on Lancaster Highway in Fort Lawn, South Carolina, in Chester County.  A resident living on Lancaster Highway, K.S., a person known to the grand jury, saw the law enforcement activity and exited his home with his cellular phone to record his observations from his yard.  K.S.'s cellular phone was linked to a live video-streaming platform known as "Facebook Live," which allowed K.S. to broadcast his recorded observations in real-time.

## THE CONSPIRACY

9.    That beginning at a time unknown, but at least in and around 2015, and continuing until at least in and around May 2019, in the District of South Carolina and elsewhere, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," JOHNNY RICARDO NEAL, JR., and ROBERT ANDREW SPROUSE, knowingly and willfully did combine, conspire, confederate, and agree together and with others, to commit the following violations:

    a.    Knowingly devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate commerce, any writings, signs, signals, pictures or sounds for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343;

    b.    Corruptly attempt to alter, destroy, or conceal evidence, specifically a cell phone, with the intent to impair its integrity and availability for use in an official proceeding, in violation of Title 18, United States Code, Section 1512(c)(1);

    c.    Knowingly alter, falsify, or make a false entry in a record or document with the intent to impede, obstruct, and influence the investigation or proper administration of any matter Defendants knew or contemplated to be within the jurisdiction of any department or agency of the United States, that is, creating false and misleading documents, in violation of Title 18, United States Code, Section 1519;

    d.    Knowingly make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of any department or agency of the United States, that is, making false, fictitious, and fraudulent

4

statements and representations, in violation of Title 18, United States Code, Section 1001(a)(2); and

  e.  Embezzle, steal, obtain by fraud, or otherwise without authority knowingly convert to the use of any person other than the rightful owner or intentionally misapply, property that is valued at $5,000 or more, and is owned by, or is under the care, custody, or control of a local government, in violation of 18 U.S.C. § 666(a)(1)(A).

### THE OBJECT OF THE CONSPIRACY

10.  The object of the conspiracy was for the Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," JOHNNY RICARDO NEAL, JR., and ROBERT ANDREW SPROUSE, and others, to use their positions in the Chester County Sheriff's Office to enrich themselves by obtaining and retaining money and property to which they were not entitled, cover up their misconduct, and obstruct investigations into their misconduct.

### MANNER AND MEANS

11.  The manner and means of the conspiracy included, but were not limited to, the following:

  a.  Using their positions as law enforcement officers to intimidate others;

  b.  Taking family members on trips and charging the cost to the Sheriff's Office;

  c.  Directing on-duty Sheriff's Office employees to provide manual labor and other services, including cleaning, building barns, renovating a bathroom, and draining a pond on personal property, that personally benefitted GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," ROBERT ANDREW SPROUSE, and other members of the Sheriff's Office leadership team;

5

d.      Establishing a climate of fear within the Sheriff's Office to direct and secure obedience among subordinates;

e.      Abusing the rights of others, including K.S., a person known to the grand jury;

f.      Generating false documentation;

g.      Providing false statements to investigative agencies; and

h.      Fraudulently obtaining payments for work at ECHO checkpoints that they did not actually perform, including funds obtained from invoices that listed inflated hours and hours associated with the work of other Sheriff's Office employees.

## OVERT ACTS

12.      In furtherance of the conspiracy and to affect its objects, the following overt acts were committed in the District of South Carolina and elsewhere:

a.      On or about January 4, 2017, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., fraudulently obtained payment for work at ECHO checkpoints that they did not perform based on hours billed to Hazel Pittman for other Sheriff's Office employees (Chk# 15180 and Chk# 15181).

b.      On or about April 12, 2017, and on or about April 25, 2017, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE, directed on-duty Sheriff's Office employees to the personal property of Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," during regular work hours to make improvements to a barn that personally benefitted GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A."

c.     On or about April 20, 2017, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE, fraudulently obtained approval and payment through the County procurement process for travel to Reno, Nevada that included their wives.

d.     From on or about June 22, 2017, to on or about June 29, 2017, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE, traveled to Reno, Nevada with their wives.

e.     On or about September 6, 2017, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., fraudulently obtained payment for work at ECHO checkpoints that they did not perform based on hours billed to Hazel Pittman for other Sheriff's Office employees (Chk# 16578, Chk# 16588, and Chk# 16589).

f.     On or about December 4, 2017, and on or about December 20, 2017, Defendant, JOHNNY RICARDO NEAL, JR., submitted invoices to Hazel Pittman for payment that contained fraudulently inflated hours or hours that were not in fact performed at ECHO checkpoints (Invoice # 20177 and Invoice # 20178).

g.     On or about November 20, 2018, Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," directed K.S. to retreat to his porch while K.S. was filming an auto accident from K.S.'s yard.

h.     On or about November 20, 2018, Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," followed K.S. up the stairs of the porch when K.S. retreated to his porch, grabbed K.S., and demanded that K.S. turn over his cellular phone.

7

i.      On or about November 20, 2018, Defendant, JOHNNY RICARDO NEAL, JR., arrived at K.S.'s home to assist in the seizure of K.S., placing K.S. in handcuffs, escorting K.S. to a jail transport vehicle, and knocking K.S. to the ground, causing injuries to K.S.'s head and elbow.

j.      On or about November 20, 2018, Defendant, JOHNNY RICARDO NEAL, JR., directed that a "hold" be placed on K.S. at the Chester County Detention Center, which resulted in K.S. remaining in jail for three nights.

k.      On or about November 20, 2018, Defendant, ROBERT ANDREW SPROUSE, and others, entered the home of K.S., without a search warrant.

l.      On or about November 20, 2018, Defendant, ROBERT ANDREW SPROUSE, delivered the cellular phone to B.M., a deputy in charge of evidence collection;

m.      On or about January 3, 2019, and continuing until on or about January 16, 2019, Defendants, ROBERT ANDREW SPROUSE and JOHNNY RICARDO NEAL, JR., created and edited an incident report about K.S.'s seizure on November 20, 2018.

n.      On or about January 8, 2019, and continuing until on or about January 11, 2019, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE, created and signed a disciplinary report for B.M. blaming B.M. for taking a cellular phone after K.S. was arrested, all in an effort to cover up misconduct by Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE.

o.      On or about January 3, 2019, and continuing until in and around May 2019, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A" and ROBERT ANDREW SPROUSE, made false statements to Special Agents of the Federal Bureau of

8

Investigation concerning the seizure of K.S. and the seizure of the cellular phone, all in an effort to cover up misconduct by Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE.

      p.     On or about March 7, 2019, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE, provided personal checks to Chester County to cover-up the June 2017 trip to Reno, Nevada.

      q.     On or about March 8, 2019, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE, provided written statements to the media explaining away the June 2017 trip and other personal expenses and activities.

      All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (Deprivation of Rights)

THE GRAND JURY FURTHER CHARGES:

13.     The allegations set forth in paragraphs 1 through 12 are repeated and realleged as if set forth fully herein.

14.     On or about November 20, 2018, and continuing through November 23, 2018, in the District of South Carolina, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., while acting under color of law as a Sheriff and Lieutenant with the Chester County Sheriff's Office, deprived K.S. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures. Specifically, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., unlawfully arrested and caused K.S. to be detained in jail for three nights, and did aid and abet each other in the commission of the aforesaid offense.

All in violation of Title 18, United States Code, Sections 242 and 2.

10

<u>**COUNT 3**</u>
**(Deprivation of Rights)**

THE GRAND JURY FURTHER CHARGES:

15.     The allegations set forth in paragraphs 1 through 12 are repeated and realleged as if set forth fully herein.

16.     On or about November 20, 2018, in the District of South Carolina, Defendant, JOHNNY RICARDO NEAL, JR., while acting under color of law as a Lieutenant with the Chester County Sheriff's Office, knocked K.S. to the ground while K.S. was handcuffed, willfully depriving K.S. of the right, secured and protected by the Constitution and laws of the United States, to be free from the use of unreasonable force by a law enforcement officer.  This offense resulted in bodily injury to K.S.

All in violation of Title 18, United States Code, Section 242.

11

## COUNT 4
### (Tampering)

THE GRAND JURY FURTHER CHARGES:

17.     The allegations set forth in paragraphs 1 through 12 are repeated and realleged as if set forth fully herein.

18.     Beginning on or about November 20, 2018 and continuing thereafter until May 2019, in the District of South Carolina and elsewhere, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE, did corruptly attempt to alter, destroy, or conceal a cellular phone, with the intent to impair its integrity and availability for use in an official proceeding, the federal investigation of the deprivation of K.S.'s rights, and did aid and abet each other in the commission of the aforesaid offense.

All in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

12

<u>**COUNT 5**</u>
**(Falsification of Records in Federal Investigation)**

THE GRAND JURY FURTHER CHARGES:

19.    The allegations set forth in paragraphs 1 through 12 are repeated and realleged as if set forth fully herein.

20.    Beginning on or about January 3, 2019, and continuing thereafter until May 2019, in the District of South Carolina and elsewhere, Defendants, JOHNNY RICARDO NEAL, JR. and ROBERT ANDREW SPROUSE, did knowingly alter, falsify, and make a false entry in a record or document with the intent to impede, obstruct, and influence the investigation or proper administration of any matter Defendants knew or contemplated to be within the jurisdiction of any department or agency of the United States, that is, Defendants, JOHNNY RICARDO NEAL, JR. and ROBERT ANDREW SPROUSE, created a false incident report inaccurately depicting K.S's activities, and caused that report to go to the Federal Bureau of Investigation under the Department of Justice, and did aid and abet each other in the commission of the aforesaid offense.

All in violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT 6
### (Falsification of Records in Federal Investigation)

THE GRAND JURY FURTHER CHARGES:

21.    The allegations set forth in paragraphs 1 through 12 are repeated and realleged as if set forth fully herein.

22.    Beginning on or about January 8, 2019 and continuing thereafter until May 2019, in the District of South Carolina and elsewhere, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A,"  and ROBERT ANDREW SPROUSE, did knowingly alter, falsify, and make a false entry in a record or document with the intent to impede, obstruct, and influence the investigation or proper administration of any matter Defendants knew or contemplated to be within the jurisdiction of any department or agency of the United States, that is, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and ROBERT ANDREW SPROUSE, created a disciplinary report in an effort to conceal their actual or perceived misconduct when taking a cell phone from K.S.'s home, and caused that report to go to the Federal Bureau of Investigation under the Department of Justice, and did aid and abet each other in the commission of the aforesaid offense.

All in violation of Title 18, United States Code, Sections 1519 and 2.

14

## COUNT 7
### (False Statement)

THE GRAND JURY FURTHER CHARGES:

23.     The allegations set forth in paragraphs 1 through 12 are repeated and realleged as if set forth fully herein.

24.     On or about May 3, 2019, in the District of South Carolina, Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," did knowingly and willfully make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of any department or agency of the United States, that is, Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," stated and represented to Special Agents of the Federal Bureau of Investigation that he first viewed K.S.'s November 20, 2018, video recording about a week following the incident, whereas in truth and fact, as Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," then and there knew, his statements and representations denying such specifics were false, fictitious, and fraudulently made, in that he viewed the aforesaid video recording on November 20, 2018.

All in violation of Title 18, United States Code, Section 1001(a)(2).

15

## COUNT 8
### (False Statement)

THE GRAND JURY FURTHER CHARGES:

25.    The allegations set forth in paragraphs 1 through 12 are repeated and realleged as if set forth fully herein.

26.    On or about January 3, 2019, and on or about January 8, 2019, in the District of South Carolina, Defendant, ROBERT ANDREW SPROUSE, did knowingly and willfully make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of any department or agency of the United States, that is, Defendant, ROBERT ANDREW SPROUSE, stated and represented to Special Agents of the Federal Bureau of Investigation that he did not know how a cellular phone was removed from the home of K.S., whereas in truth and fact, as Defendant, ROBERT ANDREW SPROUSE, then and there knew, his statements and representations denying such specifics were false, fictitious, and fraudulently made, in that he took a cellular phone from the home of K.S.

All in violation of Title 18, United States Code, Section 1001(a)(2).

**COUNT 9**
**(Federal Program Theft)**

THE GRAND JURY FURTHER CHARGES:

27.     The allegations set forth in paragraphs 1 through 12 are repeated and realleged as if set forth fully herein.

28.     In or about 2017, in the District of South Carolina, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," JOHNNY RICARDO NEAL, JR., and ROBERT ANDREW SPROUSE, being agents of an agency of a local government, namely, Chester County, embezzled, stole, obtained by fraud and otherwise without authority knowingly converted to the use of a person other than the rightful owner and intentionally misapplied, property valued at $5,000 or more, which included labor, services, and other goods, that was owned by, and was under the care, custody, and control of such local government, Chester County, which received benefits in excess of $10,000 under federal programs and assistance from January 1, 2017 to December 31, 2017, and did aid and abet each other in the commission of the aforesaid offense.

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

17

## COUNTS 10–17
### (Wire Fraud)

THE GRAND JURY FURTHER CHARGES:

29.     The allegations set forth in paragraphs 1 through 12 are repeated and realleged as if set forth fully herein.

30.     From on or about May 7, 2016, to on or about December 22, 2017, in the District of South Carolina and elsewhere, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., devised and intended to devise a scheme to defraud Hazel Pittman, Chester County Sheriff's Office employees, and others, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### PURPOSE OF THE SCHEME

31.     It was a purpose of the scheme for Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., to use their official positions with the Chester County Sheriff's Office to enrich themselves through fraud by having Defendant, JOHNNY RICARDO NEAL, JR., direct unauthorized payments from the Hazel Pittman Center to himself and to Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A."

### MANNER AND MEANS

32.     The manner and means by which Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., carried out the scheme included, but were not limited to, the following:

a.      Beginning in and around 2015, Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," signed a series of agreements with Hazel Pittman on behalf

18

of the Chester County Sheriff's Office and served as a member of the "ECHO DUI Task Force."

      b.      Pursuant to the agreements, the Sheriff's Office submitted invoices to Hazel Pittman listing the Sheriff's Office employees who worked at a public safety checkpoint on a particular date and calculating a total payment based on the number of hours worked multiplied by a standard rate of $30. Hazel Pittman then would send a single check for each invoice made payable to the "Chester County Sheriff's Office; Attn: Lt. Johnny Neal." The checks were drawn from a bank account at First Citizens Bank. Defendant, JOHNNY RICARDO NEAL, JR., caused that payment to be deposited into a bank account controlled by the Sheriff's Office and direct County employees to draft separate checks to pay the Sheriff's Office employees for work at the checkpoint.

      c.      Beginning in and around May 2016, and continuing through in and around December 2017, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., and R.M., a deputy with the Sheriff's Office, obtained portions of the Hazel Pittman payments to which they were not entitled. After a payment from Hazel Pittman was deposited in the Sheriff's Office bank account, separate checks were drafted to Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., and R.M. based on hours that were inflated or had been performed by other Sheriff's Office employees at the public safety checkpoints. On some occasions, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., and R.M. skimmed from the payments made to the Sheriff's Office account based on work performed by subordinate employees. On other occasions, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and

JOHNNY RICARDO NEAL, JR., and R.M. split the money received in the Sheriff's Office bank account for the work of certain Sheriff's Office employees, while the affected employees received nothing.

        d.      In total, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., fraudulently obtained a total of approximately $5,220 in funds drawn from Hazel Pittman's First Citizens Bank account and paid to the Sheriff's Office pursuant to invoices for work at public safety checkpoints.

## EXECUTION OF THE SCHEME

        33.      On or about each of the dates set forth below, in the District of South Carolina and elsewhere, Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," and JOHNNY RICARDO NEAL, JR., for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the writings, signals, and sounds described below, and did aid and abet each other in the commission of the below listed offenses:

| COUNT | ON OR ABOUT | DEFENDANT | INTERSTATE WIRE |
|-------|-------------|-----------|-----------------|
| 10 | May 11, 2016 | NEAL | Interstate electronic wire communication caused by the deposit of Hazel Pittman check number 11515 in South Carolina to the First Citizens Bank Central Bank Operations in North Carolina and interstate transfer of funds associated with Invoice #600. |

| 11 | December 19, 2016 | UNDERWOOD, NEAL | Interstate electronic wire communication caused by the deposit of Hazel Pittman check number 11716 in South Carolina to the First Citizens Bank Central Bank Operations in North Carolina and interstate transfer of funds associated with Invoice #100. |
| 12 | January 9, 2017 | UNDERWOOD, NEAL | Interstate electronic wire communication caused by the deposit of Hazel Pittman check number 11726 in South Carolina to the First Citizens Bank Central Bank Operations in North Carolina and interstate transfer of funds associated with Invoices #200 and #300. |
| 13 | March 6, 2017 | UNDERWOOD, NEAL | Interstate electronic wire communication caused by the deposit of Hazel Pittman check number 11797 in South Carolina to the First Citizens Bank Central Bank Operations in North Carolina and interstate transfer of funds associated with Invoices #20171 and #20172. |
| 14 | September 11, 2017 | UNDERWOOD, NEAL | Interstate electronic wire communication caused by the deposit of Hazel Pittman checks number 11982 and number 11983 in South Carolina to the First Citizens Bank Central Bank Operations in North Carolina and interstate transfer of funds associated with Invoices #20172 and #20173. |
| 15 | November 20, 2017 | NEAL | Interstate electronic wire communication caused by the deposit of Hazel Pittman check number 12051 in South Carolina to the First Citizens Bank Central Bank Operations in North Carolina and interstate transfer of funds associated with Invoice 20175. |

| 16 | December 11, 2017 | NEAL | Interstate electronic wire communication caused by the deposit of Hazel Pittman check number 12078 in South Carolina to the First Citizens Bank Central Bank Operations in North Carolina and interstate transfer of funds associated with Invoice #20177. |
| 17 | December 29, 2017 | NEAL | Interstate electronic wire communication caused by the deposit of Hazel Pittman check number 12102 in South Carolina to the First Citizens Bank Central Bank Operations in North Carolina and interstate transfer of funds associated with Invoice #20178. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FORFEITURE
### (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

35.    The allegations of this Second Superseding Indictment are repeated and realleged if set forth fully herein for the purpose of alleging forfeitures to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

36.    Pursuant to Federal Rule of Criminal Procedure 32.2(a), the United States gives notice to Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," JOHNNY RICARDO NEAL, JR., and ROBERT ANDREW SPROUSE, that upon conviction of the offenses charged in Counts One or Nine of this Second Superseding Indictment, any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, shall be forfeited to the United States.

37.    The United States also gives notice to Defendant, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," that upon conviction of any of the offenses charged in Counts Eleven through Fourteen of this Second Superseding Indictment, any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, shall be forfeited to the United States.

38.    The United States also gives notice to Defendant, JOHNNY RICARDO NEAL, JR., that upon conviction of any of the offenses charged in Counts Ten through Seventeen of this Second Superseding Indictment, any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, shall be forfeited to the United States.

### MONEY JUDGMENT

39.    Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," JOHNNY RICARDO NEAL, JR., and ROBERT ANDREW SPROUSE, are notified that upon conviction, a

23

money judgment may be imposed equal to the total value of the property subject to forfeiture in the approximate value that each gained from the offenses of conviction.

## SUBSTITUTE ASSETS

40.    Defendants, GEORGE ALEXANDER UNDERWOOD, a/k/a "Big A," JOHNNY RICARDO NEAL, JR., and ROBERT ANDREW SPROUSE, are notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendant,

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property described above, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A ___True___ Bill



FOREPERSON

COREY R. AMUNDSON
Chief
Public Integrity Section
Criminal Division
U.S. Department of Justice

BY: _____
REBECCA M. SCHUMAN
Trial Attorney
Public Integrity Section

_____
WILLIAM M. MILLER
Trial Attorney
Public Integrity Section