# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| United States of America ) | Criminal Action No. 0:19-cr-420-JMC |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| George Alexander Underwood, ) | |
| John Ricardo Neal, Jr., and Robert ) | |
| Andrew Sprouse ) | |
| ) | |
| _____) | |

Currently before the court is the Government's Motion in Limine to Limit or Exclude Improper Expert Testimony. (ECF No. 203.) Defendants George Alexander Underwood ("Underwood"), John Ricardo Neal, Jr. ("Neal"), and Robert Andrew Sprouse ("Sprouse") have entered a Response in Opposition to the Motion.[1] (ECF No. 211.) The court **GRANTS** the Government's Motion in Limine as set forth below. (ECF No. 203.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Underwood was elected Sheriff of Chester County in November 2012 and served as Sheriff until May 2019. (ECF No. 146 at 1.) During Underwood's tenure as Sheriff, Sprouse served as Underwood's Chief Deputy and Neal was a lieutenant in the Chester County Sheriff's Office. (*Id.* at 1-2.) On May 7, 2019, a federal grand jury returned an eight-count Indictment charging Defendants with civil rights violations, obstruction of justice, and false statements in relation to a conspiracy to conceal excessive use of force and unlawful arrest. (ECF No. 2.) A Superseding Indictment added allegations of financial misconduct on November 20, 2019. (ECF No. 81.) Trial was subsequently scheduled for August 2020. (ECF No. 122.)

---

[1] Defendants' Response was apparently misfiled as responding to ECF No. 168, rather than the instant Motion. (*See* ECF Nos. 203, 211.)

In June 2020, prosecution of the case was transferred from the U.S. Attorney's Office for the District of South Carolina ("USAO") to the U.S. Department of Justice, Criminal Division, Public Integrity Section ("DOJ"). (ECF Nos. 127, 129, 132, 136, 128.) On September 16, 2020, more than three weeks before the superseding indictment deadline, a federal grand jury returned a seventeen-count Second Superseding Indictment against Defendants. (ECF No. 146.) The Second Superseding Indictment added a federal program theft charge as well as a series of wire fraud charges. (*Id.*) Specifically, it charged:

- Underwood with conspiracy, falsification of records in federal investigation, federal program theft, deprivation of rights, false statement, tampering, and wire fraud;
- Neal with conspiracy, falsification of records in federal investigation, federal program theft, deprivation of rights, and wire fraud; and
- Sprouse with conspiracy, falsification of records in federal investigation, federal program theft, tampering, and false statement.

(*Id.*)

Trial in this matter is set to begin on April 12, 2021. (ECF No. 199.) The Government previously filed a Motion in Limine to exclude certain opinion and expert testimony. (*See* ECF No. 168.) The court excluded in relevant part expert testimony that would have opined on whether Underwood and Neal "met the constitutional standard of objective reasonableness." (ECF No. 188.) The court further observed that, while "defense counsel anticipates calling an expert witness to elucidate professional standards, defense counsel agreed at the motion hearing that the expert cannot draw a legal conclusion. Therefore, the court precludes the admission of testimony that states a legal conclusion, including" whether the conduct undertaken by Underwood or Neal "was reasonable or justified." (*Id.*)

In early March 2020, the Government filed the instant Motion in Limine to Limit or Exclude Improper Expert Testimony. (ECF No. 203.) Specifically, the Government seeks to exclude or limit the testimony of expert Ray Nash. (*Id.*) Defendants have responded in opposition

to the instant Motion. (*See* ECF No. 211.)

## II. LEGAL STANDARD

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13-cr-222-JCC, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). When ruling upon a motion in limine, a federal district court exercises "wide discretion." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (quoting *United States v. Heyward*, 729 F.2d 297, 301 n.2 (4th Cir. 1984)). However, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3; *see also Fulton v. Nisbet*, C/A No. 2:15-4355-RMG, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018).

Federal Rule of Evidence 704(a) "allows the admission of expert testimony that embraces an ultimate issue to be decided by the trier of fact." *United States v. McIver*, 470 F.3d 550, 561 (4th Cir. 2006) (internal marks omitted). "In other words, questions of fact that are committed to resolution by the jury are the proper subject of opinion testimony." *Id.* Yet experts cannot offer "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts." *Id.* at 562. The Court of Appeals for the Fourth Circuit has warned that distinguishing between the two "'is not always easy to discern,' and 'drawing that line requires a case-specific inquiry of the charges, the testimony, and the context in which it was made.'" *United States v. Purpera*, No. 19-4158, 2021 WL 406305, at *8 (4th Cir. Feb. 5, 2021) (quoting *United States v. Campbell*, 963 F.3d 309, 314 (4th Cir. 2020)) (noting the district court properly ordered the expert to "stay away from the words 'lawful' and 'legal' because he 'isn't a legal expert'") (citation

omitted); *In re Titanium Dioxide Antitrust Litig.*, No. CIV.A. RDB-10-0318, 2013 WL 1855980, at *3 (D. Md. May 1, 2013) ("[C]ourts have deemed inadmissible testimony that a dog bite constituted 'deadly force,' or that a product was 'unreasonably dangerous.'" (citation omitted)).

### III. DISCUSSION

The Government seeks to exclude or limit all eleven "expert opinions" that Nash, via a "Summary Report of Expert Witness Testimony," has represented he will offer at trial. (*See* ECF Nos. 203 at 1-2; 203-2.) In Response, Defendants do not individually address each of the Government's arguments, instead offering more generalized contentions. The court examines Defendants' disputations before turning to the specific expert opinions at issue.

First, Defendants contend the instant Motion is premature because trial has not yet started. (ECF No. 211 at 2-3.) Defendants insist that the Motion "presupposes . . . Defendants will fail to present evidence at trial to lay the foundation for this expert testimony to be admissible[,]" thus attempting to "shift the[] burden to Defendants." (*Id.* at 3.) Defendants point out there have been no depositions or affidavits provided to "determin[e] what will be presented at trial." (*Id.* at 3-4.) In other words, "Defendants need to be afforded the opportunity to present their evidence at trial before a ruling can be made regarding what evidence is and is not proper for the Defendants' expert to opine." (*Id.* at 4.)

Second, relying on *Daubert*[2] and Federal Rules of Evidence 403 and 702, Defendants insist "[t]here is no evidence that [Nash's] testimony . . . will confuse or confound the jury or lead them to make an irrational and/or unfounded decision in this case. This is especially true since [Nash's] testimony . . . will be consistent with testimony offered by the witnesses called during trial." (*Id.* at 7.) They further emphasize that "Nash intends on offering opinion testimony, based on his

---

[2] *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993).

4

education, training, and experience, as well as his work performed in this case. He expects to testify that Defendants' actions complied with national, state, and local policies and procedures. This testimony is clearly relevant to the issues before the jury in this case." (*Id.* at 6.)

Third, Defendants stress that Nash's expert testimony is relevant and admissible. (*Id.* at 7.) Defendants maintain they have not yet been required to "provide a link between their expert's testimony and their theory of defense." (*Id.* at 8.) They also claim the Government's contention "that a factual predicate must be presented" for Nash's "opinions to be relevant" requires "facts to be presented [at] trial before [this] determination can be made." (*Id.*)

The Government claims Nash's testimony is improper for the following reasons:

- Proposed Opinions 1, 3, 5, and 7 through 11 contain legal conclusions that this court previously excluded from the trial. (*See* ECF No. 188.)
- Proposed Opinions 1, 3, and 7 through 10 are irrelevant.
- Proposed Opinions 2 and 4 would not help the jury, as these opinions "purport to interpret what occurred on the Facebook Live video of the events leading up to Simpson's arrest."
- Proposed Opinion 6 "makes broad generalizations about the use of 'holds' by law enforcement" without providing a basis for the opinion.
- Proposed Opinions 8 and 10 "attempt to introduce, under the guise of expert opinion, testimony regarding the defendants' mental state that should properly come in through a fact witness."

(ECF No. 203 at 4, 19-20.)

Here, the court grants the Government's Motion as set forth below. The testimony in Proposed Opinion 1 shall be excluded insofar as it states a legal conclusion by asserting Underwood's instructions "were appropriate, lawful[,] and reasonable" after Underwood instructed Simpson to stay out of the area. (ECF No. 203-2 at 1-2.) The court's previous ruling addressed this issue. (*See* ECF No. 188.) Proposed Opinion 1 also appears to be immaterial, as the Government's "position is that Simpson fully complied with Underwood's instructions, but

Underwood arrested him nonetheless, for reasons unrelated to Simpson's whereabouts." (ECF No. 203 at 9.) Thus, "[w]hether or not those instructions were lawful or appropriate is irrelevant." (*Id.*)

Proposed Opinions 2 and 4 are excluded because they are unhelpful to the jury. These opinions recount what occurred during the Facebook Live video, stating that Simpson "did appear to enter the roadway after being instructed by Sheriff Underwood to stay on his porch[,]" as well as "Sheriff Underwood did advise Simpson that he was under arrest prior to restraining him by stating, '[y]ou're going to jail.'" (ECF No. 203 at 11; 203-2.) However, "jurors using common sense and their faculties of observation" may interpret such events within the instant video evidence "without the help of an expert." *United States v. Dorsey*, 45 F.3d 809, 814 (4th Cir. 1995); *McCoy v. Biomet Orthopedics, LLC*, No. CV ELH-12-1436, 2021 WL 252556, at *12 (D. Md. Jan. 25, 2021) ("[P]roposed [expert] testimony that concerns matters within the common knowledge and experience of a lay juror does not pass muster."); *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 392-93 (D. Md. 2001) ("[A]n expert's opinion is helpful to the trier of fact, and therefore relevant under Rule 702, only to the extent the expert draws on some special skill, knowledge or experience to formulate that opinion." (citation and internal marks omitted)).

Proposed Opinions 3 and 5 are barred to the extent they offer an impermissible legal conclusion. (*See* ECF No. 188.) These opinions state, *inter alia*, that Underwood "had probable cause to arrest . . . Simpson" and "Neal would have been legally authorized to use appropriate physical force" against Simpson. (ECF No. 203-2 at 2.) However, the Government "does not object to Nash offering testimony regarding the applicable standards of police conduct or whether Underwood and Neal complied with such standards." (ECF No. 203 at 13.)

Likewise, the court limits Proposed Opinion 6 because Nash provides no "sufficient facts or data" to support his assertion that placing a "hold" on an imprisoned individual, thus extending

6

that person's imprisonment, "is a common, legal, and reasonable practice frequently applied by law enforcement officials in [South Carolina]." (ECF No. 203-2 at 3.) As the Government correctly observes, Nash may testify about his personal experience with the use of holds but must provide a sufficient basis for opinions that go beyond his own experience. *See Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999) ("A reliable expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods."); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 200 (4th Cir. 2001) (finding no abuse of discretion after the district court found an expert unreliable because the expert "asserted what amounted to a wholly conclusory finding based upon his subjective beliefs rather than any valid scientific method").

Proposed Opinions 7, 8, and 10 shall be limited. Proposed Opinion 7 states in part that "Simpson's arrest for Grand Larceny was lawful." (ECF No. 203-2 at 3.) Proposed Opinion 8 maintains that Defendants "were arguably empowered to make a lawful forcible entry into . . . Simpson's home, make a cursory search for evidence (including cell phones), and seize items reasonably thought to be evidence of a crime under recognized exceptions to the search warrant rule." (ECF No. 203-2 at 3.) Proposed Opinion 10 asserts in part that "[i]t was appropriate and lawful for deputies to search for, locate, identify, and/or seize . . . Simpson's cell phone as evidence of the crime that resulted in his arrest, as well as any unlawful resistance to that arrest[.]" (*Id.*)

The Government posits that Defendants "are not charged with any crime" related to Simpson's arrest, and the jury thus "will not be called on to determine the lawfulness of that arrest." (ECF No. 203 at 16.) The Government also notes it does not contend Defendants "forcibly" entered Simpson's home; rather, it expects the evidence to "show that . . . Simpson ultimately consented

to the entry." (ECF No. 203 at 18.) Likewise, the Government observes the evidence will likely show "the seized phone did not belong to Simpson." (*Id.*)

Proposed Opinions 7, 8, and 10 will be barred at trial to the extent they concern impermissible legal conclusions. (*See* ECF No. 188.) Moreover, insofar as Defendants seek to argue they arrested Simpson, entered the residence, and seized a phone based upon "evidence of a crime[,]" rather than to impair a federal proceeding, the court observes that "a defendant cannot distract the jury by introducing evidence concerning a potential defense that he never raised." *United States v. Zayyad*, 741 F.3d 452, 460 (4th Cir. 2014). Thus, "to present a theory or belief that might have justified [Defendants'] actions, . . . [Defendants] must present evidence that [they] in fact relied on that theory or belief." *Id.*; *United States v. Hedgepeth*, 418 F.3d 411, 419 (4th Cir. 2005) ("Relevancy must thus be determined in relation to the charges and claims being tried, rather than in the context of defenses which might have been raised but were not."). Therefore, if necessary, the court will address these matters during trial based on the theories or evidence ultimately presented by Defendants.

Proposed Opinion 9 is barred as irrelevant.  This opinion maintains it was "lawful" for Defendants "to instruct a subordinate officer" without direct knowledge of the incident "to draft a search warrant for . . . Simpson's home." (ECF No. 203-2 at 3.) But the Government does not "contend that it was inappropriate or unlawful for" the subordinate officer to draft the warrant at Defendants' direction. (ECF No. 203 at 16.) The court further notes this opinion is excluded to the extent it includes an impermissible legal conclusion. (*See* ECF No. 188.)

Lastly, Proposed Opinion 11 will be barred to the extent it contains impermissible legal conclusions. (*See id.*) This opinion states that Underwood's disciplinary actions against "Major McDaniel and Chief Sprouse were appropriate and lawful under the circumstances and in

8

accordance with accepted practices[.]" (ECF No. 203-2 at 3.) The court's prior Order addressed this issue. (*See* ECF No. 188.) Nash may testify as to relevant standards, policies, and procedures, and whether such standards were met in this case, so long as such testimony does not stray into impermissible legal conclusions as set forth above.

## IV. CONCLUSION

For the reasons above, the court **GRANTS** the Government's Motion in Limine as set forth above. (ECF No. 203.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 31, 2021
Columbia, South Carolina

9